ABRAHAM KALTMAN, PLAINTIFF, v. MARIO BOCINO, AN-
THONY PEDONA, NATHAN KREGELOH AND THE PUB-
LIC SERVICE RAILWAY COMPANY, A CORPORATION,
DEFENDANTS.

Submitted June 5, 1924—Decided November 24, 1924.

Negligence—Motor Bus Collision With Trolley Car—Injured Bus
Passenger Plaintiff—Judgment for Plaintiff Against Bus
Owner, Not Against Trolley Car Owner—Evidence Discloses
Jury Question and Court Properly so Charged—Defendant
Owner of Bus Rested After Plaintiff's Case was In, as Be-
tween Plaintiff and Themselves and Asked That Further
Testimony Must Not Be Considered by the Jury in the Case
of the Plaintiff Against Them—Defendants, Bus Owners,
Had Counter-claimed Against Owner of Trolley—Other
Grounds for Rule Considered and Dismissed.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KATZENBACH.

For the plaintiff, *Grosken & Moriarity.*

For the defendants Morio Bocino and Anthony Pedona,
*George L. Record.*

For the defendants Public Service Railway Company and
Nathan Kregeloh, *Leonard F. Tynan.*

PER CURIAM.

The plaintiff, Abraham Kaltman, on December 25th, 1922.
was a passenger in a bus owned by the defendant Mario
Bocino, and driven by the defendant Anthony Pedona. The
bus was, about ten-twenty P. M. on that day, being driven on
Ferry street, in Newark, en route to Jersey City. At or near
the corner of Waydell street the bus collided with a car of

the Public Service Railway Company, resulting in the injury of Kaltman, who instituted this action in this court against the owner of the bus, its driver, the Public Service Railway Company an one Kregeloh, motorman of the car. A counter-claim against the Public Service Railway Company was filed by Bocino and Pedona. The evidence produced at the trial showed that the driver of the bus saw the trolley car approaching when about one hundred and fifty feet ahead of him. Between the trolley car, when first seen by the operator of the bus, and the bus, there was standing on the street some distance from the curb, owning to the presence of banks of snow in the street, an automobile. The operator of the bus attempted to pass this automobile on the left, which brought the bus on the track, and before he could turn his bus to the right and off the track the bus was struck by the trolley car and the plaintiff injured.

The jury returned a verdict against Bocino and Pedona and found a verdict in favor of the Public Service Railway Company in the Kaltman action, and upon the counter-claim filed by Bocino and Pedona. Bocino and Pedona then obtained from the trial judge the rule to show cause under which the case is before us.

The first point argued under the rule is that the trial court should have directed a verdict against the plaintiff as far as his claim against Bocino and Pedona was concerned. The facts above set forth, as disclosed by the evidence, made the question of the negligence of Bocino and Pedona a jury question. The trolley car was approaching with its headlight lighted. Whether the driver of the bus was negligent in failing to observe the trolley car sooner, or, if observed, negligent in attempting to pass the ranked automobile by swinging the bus upon the trolley track, when the trolley car was so near, were questions for the determination of the jury. The ruling of the trial judge in this respect we think proper.

The next contention made presents a novel point. After the plaintiff had rested his case, counsel for Bocino and Pedona stated that they were going to rest the case, as be-

tween the plaintiff and themselves, upon the plaintiff's proof, and asked the court to instruct the jury that any further testimony adduced must not be considered by the jury in the case of the plaintiff against them. This request was refused, and it is said that there was error in this refusal. We do not think this ruling erroneous. A ruling such as the defendants asked would have permitted them, under the guise of showing that they were entitled to recover against the public service and its motorman, to put in evidence facts which would prove that the Public Service Railway Company alone was responsible for the accident, and so bar the plaintiff, if the jury accepted the testimony from a recovery against them; and that would, of course, bar the plaintiff from a right to cross-examine the witnesses giving such testimony for the purpose of nullifying it or diminishing its weight. We think the court's ruling was proper, particularly in view of the fact that there was no suggestion on the part of counsel for these defendants that no such testimony as we have suggested would be offered.

The next point argued is that the court erred in refusing to charge the following request which was submitted by the defendants Bocino and Pedona: "Even if you should find that the driver of the bus was negligent, the plaintiff cannot recover as against him and the bus owner unless such negligence was the proximate cause of the plaintiff's injuries." We think these defendants were not entitled to have this instruction given to the jury, for it was inapplicable to the facts of the case. The only negligence to be submitted to the consideration of the jury was negligence in the driving of the bus, which aided in producing the collision, and, if there was any negligence at all in this regard, that negligence was a proximate cause of the plaintiff's injuries. Moreover, this instruction had already been given to the jury in response to the twelfth request submitted by the plaintiff (record, page 315), and the request, which was denied, was not, so far as the record shows, read to the jury. Consequently, there was nothing contradictory in the charge upon this point.

It is next contended that the court improperly refused to strike out the testimony of one Dr. Fink, who was called by the plaintiff to prove the character and extent of the latter's injuries. It appeared on the cross-examination of this witness that he was not the attending physician, but that he had been called in to make an examination solely for the purpose of testifying as a witness in the cause. He testified that his opinion as to the character and permanency of the injuries was based partly upon his own examination and partly upon statements made by the plaintiff in answer to questions which he had put to him about his condition. A motion to strike out his testimony was made. The defend ants rely upon the case of the *Consolidated Traction Co.* v *Lambertson*, 59 *N. J. L.* 297, and *Hutchinson* v. *Jersey Central Traction Railroad Co.*, 1 *N. J. Mis. R.* 279. These cases are in point and sustain the general principle contended for by the defendants. But in these cases objection was made to the testimony, while in the present case no objection was made. Objection should have been made at the time the questions were asked. There was also no harm done to the defendants in having the hypothetical questions submitted to Dr. Fink based in part upon the subjective symptoms stated to Dr. Fink by the plaintiff, as these subjective symptoms had been testified to by other witnesses and could have been embodied in the hypothetical questions put to Dr. Fink.

It is next argued that the court improperly refused to charge the following request submitted by the defendants Bocino and Pedona: "The mere fact that the bus was over on the wrong side of the street is not of itself evidence of negligence." This request was properly refused. It was not *conclusive* evidence of negligence. It would not support a finding of negligence standing by itself. It was evidential. It was, however, material, and the jury was entitled to con- sider it as a factor in determining the question of negligence on the part of the driver of the bus.

It is finally argued that the verdict was against the weight of the evidence. We have read the testimony. The material facts have been stated. We are of the opinion that the verdict rendered was not against the weight of the evidence.

The rule to show cause is discharged.