BENJAMIN COHAN, RESPONDENT, v. MURRAY, GRIFFITH & MESSLER, INCORPORATED, APPELLANT.

Submitted May 31, 1929—Decided February 3, 1930.

For the respondent, *Harry Heher* and *Alexander Budson*.

For the appellant, *Edward L. Katzenbach*.

The opinion of the court was delivered by

BLACK, J.  This suit was brought to recover compensation for personal injuries.  The case was tried by Judge Oliphant and a jury resulting in a judgment for the plaintiff.  The testimony shows, the plaintiff on the 3d of January, 1928, entered the defendant's department store located at Nos. 112-114 Academy street, Trenton, New Jersey, for the purpose of purchasing merchandise from the defendant.  As such, he was an invitee.  He stepped into and fell down an open elevator shaft causing the injuries complained of.  Negligence is charged against the defendant.

At the trial, the defendant's motion to direct a verdict in favor of the defendant was denied by the trial judge.  This ruling of the trial judge, and error in the charge to the jury are the alleged grounds of error.

At the trial the plaintiff testified as follows:

"*Q*. Now, as you landed on the first floor again from the basement the second time did Mr. Messler say anything to

you. *A.* Yes, let us go up. *Q.* Let us go up to the third! floor? *A.* Let us go up to the third floor. And we went to the elevator and I was still striking matches until we got up on the first floor, and Mr. Messler says, 'Let us go up.' And I walked over and Mr. Messler had lifted up the gate. *Q.* You got to the elevator shaft, did you? *A.* Yes, sir. *Q.* And he did what? *A.* Mr. Messler lifted up the gate. *Q.* What were you doing at the time he was lifting up the gate? *A.* I was standing there. *Q.* Did you strike any matches at that particular moment? *A.* No. *Q.* As he lifted the gate, then what? *A.* I stepped in. *Q.* Where was he standing? Assume this is the entrance to the gate. *A.* On the side. *Q.* Show where he was standing? *A.* This is the elevator shaft and Mr. Messler was on this side. He picked up the gate and stepped over on this side. (Indicating). The Court. On the lefthand side facing the elevator? The witness. Yes. *Q.* And as he stepped over, what did you do? *A.* As he stepped over I came over on this side and I stepped right in. *Q.* Do you remember what happened after that? *A.* No, sir."

This court has said, one who invites another upon his premises owes him a duty, not only, to exercise ordinary care to render the premises reasonably safe for the purpose for which the invitee entered, but to abstain from any act which may make the invitee's use of the premises dangerous. *Kappertz* v. *The Jerseyman,* 98 *N. J. L.* 836.

Manifestly, under the testimony above cited and the rule of law stated, the vital questions at issue were for the jury to determine. It was not error therefore, for the trial court to refuse to direct a verdict in favor of the defendant.

*Finnegan* v. *The Goerke Co., ante, p.* 159. In that case there was placed a rattan box three feet long and one and one-half feet high, fifteen inches wide in the aisle outside of the counter of a department store, and leaving it there for over two months.

Other cases in our courts, in which injuries to prospective buyers in stores have been considered are *Schnatterer* v. *Bamberger,* 81 *N. J. L.* 558; the plaintiff going down the steps

leading to the basement caught the heel of her shoe in a brass nosing.

*Garland* v. *Furst Store,* 93 *N. J. L.* 127; the plaintiff slipped on a tile or marble floor.

*Higgins* v. *Goerke-Krich Co.,* 91 *N. J. L.* 464; a lid of an ice box dropped upon the plaintiff's hand.

*Bodine* v. *Goerke Co.,* 102 *N. J. L.* 642; the plaintiff, on a snowy day, slipped and fell in the entrance or vestibule of the defendant's store.

*Law* v. *Morris,* 102 *N. J. L.* 650; a piece of plastering fell from the ceiling without warning and struck a customer upon the head.

*Stark* v. *Great Atlantic and Pacific Tea Co.,* 102 *N. J. L.* 694; a "rotten" board, a splinter from it caught a customer's foot causing her to fall.

We find no error in the passage of the judge's charge to the jury alleged as error. The criticism is without merit. It calls for no discussion. The passage of the judge's charge criticised is: "After considering all the facts and circumstances, if you find that the defendant was guilty of negligence and that that negligence was the proximate cause of the accident, and that the plaintiff was not guilty of any negligence which contributed in any degree to the proximate cause of the accident, then, your verdict would be in favor of the plaintiff and against the defendant and you would proceed to assess damages."

Finding no error in the record, the judgment of the Mercer County Circuit Court is therefore affirmed.

*For affirmance*—The CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.