WALTER VANTO, RESPONDENT, v. OTTILLIE W. JUNEMAN, APPELLANT.

Submitted February 17, 1933—Decided April 28, 1933.

For the appellant, *Green & Green.*

For the respondent, *Joseph Slifkin (John W. Palmer,* of counsel).

The opinion of the court was delivered by

LLOYD, J. The plaintiff below obtained a judgment for personal injuries received in a collision between a motorcycle that he was riding and an automobile driven by the defendant. The defendant seeks reversal·of the judgment on numerous grounds, the principal of which are that there was error in the refusal to grant a motion for nonsuit, in the denial of a motion for a direction of a verdict in favor of the defendant, and in the refusal to charge certain requests for instructions to the jury.

The case was eminently one for the jury and not for the court. The plaintiff was proceeding in a southerly direction on Broadway in Newark and the defendant was proceeding in a northerly direction on the same highway intending to pass from Broadway into Bloomfield avenue which diverges from Broadway to the northwest. The jury would be justified in finding from the evidence adduced by the plaintiff that as this diverging point was reached the defendant attempted to cross from the east side of Broadway to its west side and into Bloomfield avenue and as she did so she collided with the motorcycle of the plaintiff who was continuing down Broadway. There was evidence that this attempt to cross was at an inopportune time, and in the face of the right of way already acquired by the plaintiff. Under such proofs the learned trial judge was entirely right in refusing to direct either a nonsuit or a verdict in favor of the defendant.

There were numerous requests, twenty in number, submitted to the court for instruction, the principal of which dealt with the question of proximate cause and the alleged contributory negligence of the plaintiff, as also the degree of care due from the plaintiff under circumstances which it was

claimed the jury might find. It is true the request respecting the proximate cause of the accident was not dealt with, either by direct response to the request or in the general charge, but under the proofs in the case there was no room, as we think, for the injection of the question into the case. There was no doubt that the accident occurred; there was no doubt that it occurred by the coming together of the two vehicles; there is equally no doubt that that collision was caused by the negligence of either the plaintiff or the defendant or was a pure accident. There was no element introduced in the case which would justify the jury, if it found the defendant negligent, in concluding that that negligence had no causal relation to the collision.

With respect to the request for instructions bearing on the conduct of the plaintiff, while not specifically charged, the jury was adequately instructed in the general charge wherein the court laid down the standard of care imposed upon persons using the highway and applied that standard to both the plaintiff and the defendant.

There was no error in the refusal to charge the defendant's eighth request under any proofs adduced in the trial of the cause.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.