## FAIR v. FLOYD et al.
### No. 5467.

Circuit Court of Appeals, Third Circuit.
Feb. 21, 1935.

Collins & Corbin, of Jersey City, N. J. (Edward A. Markley and James B. Emory, both of Jersey City, N. J., of counsel), for appellant.

Bassin & Bassin, of Elizabeth, N. J. (Harry Weltchek, of Elizabeth, N. J., of counsel), for appellees.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

WOOLLEY, Circuit Judge.

This is a personal injury case. When crossing a street in the city of Elizabeth, New Jersey, Loreaine Hendrix Floyd (to whom we shall refer as the plaintiff) was struck by an automobile driven by Alice Marie Fair, the defendant.

The main issues, raised by the pleadings and tried on evidence patently conflicting, were the defendant's negligence in operat-

ing her car and the plaintiff's contributory negligence in crossing the street. The plaintiff had a verdict and from the judgment that followed the defendant appeals, assigning error in the court's refusal to charge six of her requests when submitting the case to the jury. The defendant does not contend that the court should have instructed the jury in the precise words of her requests but maintains that somewhere in the charge, Belperche v. Erie R. R. Co., 111 N. J. Law, 81, 166 A. 463, it should have given the substance of them.

Request No. 1 reads as follows:

"The mere fact that an accident happened and that the plaintiff received some injury is not sufficient to permit the plaintiff to recover."

In a case where there is dispute as to how an accident happened and where reliance is placed, actually or inferentially, on the fact of the accident rather than on negligence which caused it, refusal to charge the substance of this request would be error. But in this case there was no doubt, indeed the defendant admitted, that the plaintiff was injured on being struck by the defendant's car. The issue then was the defendant's negligence in striking her, in respect to which the court definitely charged that to recover the plaintiff must prove her case by the preponderance of the evidence. Reference to the fact of the accident as not sufficient to permit recovery would in this case merely be a negative way of saying what the court had already said affirmatively. However, it might have been charged to emphasize the positive instruction as to proof of the case. The court's refusal to charge the defendant's first request was not error.

Request No. 4 reads:

"If the plaintiff herself was guilty of any negligence which contributed in the slightest degree to the happening of the accident she cannot recover."

It is, of course, elementary law that in a case of this kind, distinguished from cases under the Federal Employers' Liability Act (45 USCA §§ 51–59), any negligence on the part of the plaintiff which contributed directly to the happening of the accident bars her from recovering anything. Winfrey v. Missouri, K. & T. R. Co. (C. C. A.) 194 F. 808; Cohan v. Murray et al., 106 N. J. Law, 144, 148 A. 728. In cases involving an issue of contributory negligence it is always well to charge the substance of this

request in order to overcome a natural inclination of jurors, who are not informed in the law, to indulge in the doctrine of comparative negligence, forbidden in cases of this kind, and to appraise and apportion the negligence of the parties in assessing damages. However, the sole contributory negligence here charged to the plaintiff was that, intending to cross the street, she suddenly came out from behind another car and, without looking, stepped in front, or toward the front, of the defendant's oncoming car which then struck her. Thus she was, in a contributory sense, wholly negligent or not negligent at all. There was in her case no degree of negligence. The court charged the jury that should they find the plaintiff guilty of contributory negligence (that is, guilty of what we have just stated) she could not recover. We think that was an adequate instruction on the particularly narrow issue of contributory negligence in this case.

■ Request No. 5 is in these words:

"Negligence is never presumed but must be proven."

There is no doubt of the soundness of the law requested; the only question concerns its application and therefore the necessity of an instruction in this case. The court had already charged the jury that negligence must be proved, implicit in which is the thought that negligence cannot be presumed. Although always a safe instruction, we find on the facts of this case that the expression in respect to presumed negligence was not necessary and therefore its absence did not invalidate the charge.

■ The remaining points for charge, requested and refused, are more serious. They are:

Request No. 2:

"In order for the plaintiff to recover she must prove that the defendant was negligent and her negligence was the proximate cause of the accident and that the plaintiff received her injuries as a proximate result thereof."

Request No. 7:

"Proximate cause is the cause which sets all others in motion and unless the plaintiff has proven to your satisfaction, by a fair preponderance of the evidence, not only that the defendant was negligent but also that her negligence was a proximate cause of this accident the plaintiff cannot recover and your verdict must be for the defendant no cause of action."

Request No. 8:

"With respect to her injuries, the plaintiff can only recover, if you find that she can recover at all, for the injuries which were proximately caused by this accident."

The learned trial judge not only refused to charge these requests but failed to embody their substance in his general charge. Of course we recognize, as the plaintiff contends, that there are cases in which the element of proximate cause does not enter and into which, therefore, there is no occasion to inject the law of the subject. Vanto v. Juneman, 111 N. J. Law, 18, 166 A. 85; Altieri v. Public Service Railway Co., 103 N. J. Law, 351, 135 A. 786; Cannazzari v. Triangle Bus Co., 141 A. 165, 6 N. J. Misc. 345; Kaltman v. Bocino, 126 A. 654, 2 N. J. Misc. 1125. But where the element does enter, the instruction is not only applicable but necessary. Delaware & Hudson Co. v. Ketz (C. C. A.) 233 F. 31. While there is no doubt from the testimony in this case that the proximate cause of the accident itself could have been nothing else than the defendant's negligent operation of the car or the plaintiff's own negligence in crossing the street, the situation is very different as to how and when the plaintiff sustained certain of the injuries which she attributed to the accident. Aside from injuries to her leg and hip (manifestly inflicted by the defendant's car) she claimed to have sustained other injuries discovered after the accident—some more than a month after—which were salpingitis, a fibroid tumor and, being in early pregnancy, a miscarriage, referred to in the testimony as abortion, resulting possibly in sterility. As to these injuries there were sharply contested issues of fact which required careful instructions on being submitted to the jury. They were, whether or not the plaintiff's tumor was a proximate result of the accident and, if not, whether the accident or the tumor was the proximate cause of the abortion. Stated differently and within the sense of the rule, the issues were whether or not the plaintiff's injuries or ailments were caused proximately by the defendant's negligent acts or were occasioned by intervening or antecedent causes. These issues bore directly on the assessment of damages. In order for the jury intelligently and properly to decide them, they should have been instructed on the law of proximate cause. In Delaware & Hudson Co. v. Ketz, 233 F. 31, 35, 36, this court, dealing with this rule of law, said: "Now, we do not intimate that the subject

should have been elaborately discussed in the charge, but unless the jury received adequate instructions thereon they could neither know nor apply the rules that have thus been laid down for the federal courts. We cannot assume that the jury knew how to deal with the testimony, unless they were properly instructed, and the matter should have been explained with sufficient clearness." Bare allusion to proximate cause is not enough; jurors do not know the legal significance of the words. Unfortunately, perhaps inadvertently, the learned trial judge passed over the subject altogether.

Finding error in the court's refusal to charge the substance of the defendant's last three requests, we are constrained to reverse the judgment and award a venire de novo.