## Simon, Appellant, *v.* Lit Bros., Inc.

*Negligence—Automobiles—Right angle collision — Speed—Contributory negligence.*

1. It is the duty of an automobile driver in approaching a street crossing to have his car under control and observe if vehicles are approaching on the intersecting street, and in case a car or truck is first at the crossing, that vehicle must be given an opportunity to cross the intersecting street, and due care used to avoid collision.

2. The driver of a car is not required to anticipate and guard against the want of ordinary care on the part of another.

3. Where the driver of an automobile approaches an intersecting street at a speed of eight or ten miles an hour, and gives warning, he is not bound to guard against collision with a car approaching on such street at a speed of from thirty to thirty-five miles an hour, without warning, which he does not notice until the front end of his car is about five feet from the nearest railway track on the intersecting street.

Argued Jan. 22, 1919.  Appeal, No. 197, Jan. T., 1919, by plaintiff, from order of C. P. No. 2, Philadelphia Co., March T., 1917, No. 2949, refusing to take off nonsuit in case of Walter Simon v. Lit Brothers, Incorporated.  Before STEWART, FRAZER, WALLING and SIMPSON, JJ.  Reversed.

Trespass to recover damages for personal injuries and injuries to an automobile.  Before BARRATT, P. J.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*William B. Gery,* for appellant.

*Raymond A. White, Jr.,* with him *Maurice W. Sloan,* for appellee.

OPINION BY MR. JUSTICE FRAZER, March 10, 1919:

Plaintiff appeals from a judgment of nonsuit in an action to recover damages for injuries sustained in a right-angle collision between automobiles at a street crossing.

On March 12, 1917, at 8:30 p. m., plaintiff was driving east on Vine street, in the City of Philadelphia.  As he approached Seventeenth street, at a speed of eight to ten miles an hour, he gave warning by sounding his horn and proceeded until the front end of his car was approximately five feet from the nearest rail of the car track on Seventeenth street, when he noticed defendant's truck coming south on Seventeenth street at a speed of thirty to thirty-five miles an hour.  In attempting to avoid a collision plaintiff turned his car southward on Seventeenth street, not, however, quickly enough to prevent the two cars coming in contact, the front of his car being struck on the side by defendant's truck.  No signal or warning of the approach of the truck was given.  The

trial judge, being of opinion plaintiff's duty was to observe the approaching truck before reaching a position in which he was unable to bring his car to a stop in time to avoid a collision, held his failure to do so, convicted him of contributory negligence. In thus ruling the trial judge placed upon plaintiff a higher burden than he was bound to assume, under the decisions of this court. It is the duty of the driver of an automobile in approaching a street crossing to have his car under control and observe if vehicles are approaching on the intersecting street, and, in case a car or truck is first at the crossing, that vehicle must be given an opportunity to cross the intersecting street and due care used to avoid collision: McClung v. Penna. Taximeter Cab Co., 252 Pa. 478. The driver of the motor car first reaching the crossing has the right to assume the driver of an automobile approaching on the intersecting street, will do so at a moderate speed with his car under control. In other words, the driver of a car is not required to anticipate and guard against the want of ordinary care on the part of another: Wagner v. Phila. Rapid Transit Co., 252 Pa. 354. Applying these principles to the case before us, while it was the duty of plaintiff as he approached the intersection of the two streets to be on the alert for an approaching car or truck driven at such reasonable speed as the circumstances and legal duty imposed upon the driver might warrant, and use due care to guard against a collision, according to his testimony he performed this duty and also gave proper warning of his approach; he was not required to go further and guard against collision with a car approaching at such excessive speed as the testimony indicates defendant's machine was being driven at the time of the accident. The question of plaintiff's negligence was, consequently, for the jury.

The judgment is reversed with a procedendo.