## Zweifel *v.* Harrisburg Railways Co., Appellant.

*Negligence—Street railways—Right-angled collision—Death—Evidence—Contributory negligence—Case for jury.*

In an action against a street railway company for death caused by a right-angled collision between an electric car and an automobile, the case is for the jury on the contributory negligence of the deceased, where it appears that no one could tell with certainty just what the deceased saw as he approached the tracks at a street intersection, but it does appear that a standing truck could have obstructed his view at this point until he was about to cross the tracks.

Argued May 25, 1925. Appeal, No. 1, May T., 1925, by defendant, from judgment of C. P. Dauphin Co., Sept. T., 1922, No. 476, on verdict for plaintiff in case of Mary Zweifel v. Harrisburg Railways Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before WICKERSHAM, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $15,481 in her own right and $1,577 in suit brought as administratrix. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v.

*Charles L. Bailey, Jr.,* with him *George F. Lumb,* for appellant, cited: McCracken v. Traction Co., 201 Pa. 378; Odbert v. Ry., 50 Pa. Superior Ct. 525; Ervay v. Traction Co., 240 Pa. 440; Blaney v. Traction Co., 184 Pa. 524; Smith v. Traction Co., 187 Pa. 110; Wolf v. Transit Co., 252 Pa. 448; Yevsack v. R. R., 221 Pa. 493; Boring v. Traction Co., 211 Pa. 594; Hazlett v. Director Gen., 274 Pa. 433.

*John R. Geyer,* with him *Paul G. Smith,* for appellee, cited: Wagner v. Transit Co., 252 Pa. 354; Short v. Transit Co., 68 Pa. Superior Ct. 357; McLoughlin v. Transit Co., 65 Pa. Superior Ct. 284.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, June 27, 1925:

Mary Zweifel sued in trespass to recover for the death of her husband, which she alleged was due to the negligence of the Harrisburg Railways Company; judgment was entered on a verdict in her favor and defendant has appealed.

The action arose out of a right-angled collision between an automobile driven by Thomas Zweifel, plaintiff's husband, and a trolley car of defendant company. On the morning of July 19, 1922, Zweifel was driving his machine, a coupe, at ordinary speed, east on Woodbine Street, and defendant's car was going north on Fourth Street; the collision between the two occurred at the intersection of these highways in the City of Har-

risburg, when the automobile was crossing the second rail of defendant's track.

Plaintiff produced evidence which, if believed (as the verdict shows it to have been), was sufficient to prove that defendant's car was operated at an unlawful and excessive speed as it approached the intersection in question; but defendant contends that the testimony of plaintiff's own witnesses convicts her deceased husband of contributory negligence by showing that he heedlessly drove directly in front of a rapidly approaching vehicle, which was in plain sight and could, by due care, have been observed. This latter is the only point which was pressed on the present appeal, defendant stating in its brief: "This appeal is based solely upon the contributory negligence of the plaintiff's decedent, Thomas Zweifel, as it appears from the plaintiff's evidence, and from all the evidence in the case."

In disposing of defendant's contention, the court below refers to the fact that, at the time of the accident, there was an obstruction on the west side of Fourth Street, below Woodbine Street (that is, in the direction toward which Zweifel would have looked for an approaching car), which might well have concealed the car from his view, or, if this obstruction did not actually hide the car, it may have prevented him from properly estimating the speed of the trolley or from appreciating the lack of control under which it was approaching the crossing. As to this, the court correctly states: "It is quite true that if there had been no obstruction in Fourth Street, Zweifel could easily have seen the approaching street car when he reached the intersection of Fourth and Woodbine streets, but it is undisputed......that [a] baker's truck......was parked on the west side of Fourth Street, below Woodbine, and, from its length and size, as testified to by [plaintiff's] witness Irwin, it might easily have obstructed Zweifel's view of the approaching car until he was at [or about to cross] the tracks of the defendant

company. Having in consideration the presumption in his favor that he did all he was required to do in approaching the tracks....., in addition to the proven fact that the baker's truck could have obstructed his view of the approaching car, we cannot say, as a matter of law, that [deceased] failed in his duty, or that he was guilty of contributory negligence, which would prevent recovery." While several of plaintiff's witnesses described the condition of affairs which attended the accident, the speed of the respective vehicles, etc., yet, as stated in the opinion of the court below, "No one knows [or can tell, to any degree of certainty, from the evidence,] just what Zweifel saw as he approached the tracks of defendant company."

Though most right-angled collisions with trolley cars, when they occur in broad daylight and there is a fair opportunity to observe the approaching trolley, may be avoided through due care by the driver of the other vehicle, still, owing to the peculiar facts indicated by the testimony as possibly existing in the present case, we cannot say that this is such an instance; on the contrary, the issues involved, including those concerning the alleged contributory negligence of plaintiff's husband, were all for the jury.

The judgment is affirmed.