Lookatch *v.* Robinson, Appellant.

Argued May 13, 1935. Before SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

546

*Samuel H. Humes,* with him *Archibald F. Jones* and *John E. Cupp,* for appellant.

*Andrew Dunsmore,* with him *Wm. F. DuBois* and *T. F. Murphy,* for appellee.

PER CURIAM, May 27, 1935:

This record is the picture of another futile attempt by the owners of two automobiles, traveling in opposite directions on the same public highway, to compel them, while in motion, to occupy the same spot thereon at one and the same time. As a result, plaintiff sues to recover damages for injuries to himself and his automobile, defendant counterclaims for damages to his automobile; the jury rendered a verdict for plaintiff; the court entered judgment thereon; and defendant appeals. The judgment must be affirmed.

Appellant's contentions here are: (1) He was not negligent; (2) Plaintiff was negligent; (3) The judgment is excessive. As each of these is an attempt to compel the adoption of one of appellant's contentions in whole or in part, we must, in considering them, accept plaintiff's evidence in regard thereto, as true: Mountain v. American Window Glass Co., 263 Pa. 181, 184.

Here, the jury could not have been expected to accept defendant's story that he was not traveling fast, at the time of the collision, when, admittedly, after he had locked his wheels so that they could not revolve, his car skidded 67 feet along the highway, and then struck plaintiff's car so heavy a blow that it was knocked through the air on to private property, a distance of 30 feet, and so high that persons on or near the highway could see under it, and it turned, during its journey through the air, so that it faced, when it alighted, in the opposite direction from that which it occupied when it was hit.

Nor could defendant properly have expected the court below to charge, as a matter of law, that plaintiff was guilty of contributory negligence because he started at right angles across a 35-feet-wide highway, without waiting for another automobile, then 300 feet away, to pass in front of him, there being no other vehicle between the two cars. No one, before the event, would have thought there was necessary danger in such a situation, and plaintiff had the right to act on the belief that the other automobilist would exercise "ordinary care . . . to protect him and his property from injury": Lewis v. Wood, 247 Pa. 545, 549. Indeed, it seems clear that appellant could not have limited himself, under the situation as admittedly he saw it when plaintiff started across the road, to the "careful and prudent speed" enjoined upon him by section 1002, of the Vehicle Code of May 1, 1929, P. L. 905, 973, as amended by the Act of June 22, 1931, P. L. 751, 791.

On the question of the amount of the verdict, while it appears to be above the average, we cannot say, approved as it was by the jury and the court below, that it is so high as to shock our sense of justice. That is the "imperative" test on this point: King v. Equitable Gas Co., 307 Pa. 287.

The judgment of the court below is affirmed.