Seckinger v. Economy Laundry, Inc., Appellant.

Argued October 18, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Thomas E. Comber, Jr.,* for appellant.

*Maurice E. Cohen,* for appellee.

OPINION BY STADTFELD, J., December 16, 1938:
This is an action in trespass to recover for personal

injuries and property damage sustained by the plaintiff in an accident which occurred on May 1, 1937, at about 12:05 P.M. at the intersection of 42d Street and Girard Avenue in the City of Philadelphia.

The plaintiff's statement of claim was duly filed of record. No affidavit of defense was filed.

The case was tried in the Municipal Court of Philadelphia County, before TUMOLILLO, J., sitting without a jury, on May 18, 1938. The court found for the plaintiff, John Seckinger, against the defendant, Economy Laundry, Inc., in the sum of $400.

The defendant filed motions for a new trial and for judgment non obstante veredicto, which were dismissed. This appeal followed.

At the time of the accident, the plaintiff, John Seckinger, was driving his automobile west on Girard Avenue, in the north roadway of said street. As he was approaching 42d Street, he noticed that the light at the intersection had turned from red to green, and also noticed the automobile truck, owned by the defendant, approaching on Girard Avenue, going in an eastwardly direction, on the east bound trolley rails of Girard Avenue. The plaintiff continued across 42d Street, and when he was into the intersection of 42d Street and Girard Avenue, the defendant suddenly, without any warning, started to make a left hand turn from Girard Avenue to go north on 42d Street.

Forty-second Street in the City of Philadelphia, intersects Girard Avenue on both its north and south sides, but intersects on the north side at a point further west than on the south side. At these intersections, there is a traffic light for both east and west bound traffic. Girard Avenue is a 68 foot wide street with 16 foot sidewalks on each side, and 42d Street is a 26 foot wide street with 12 foot sidewalks on either side. On Girard Avenue there are two sets of trolley tracks. At the time of the collision, the plaintiff's car was

well into the intersection, having traversed from 12 to 15 feet of 42d Street. The plaintiff, upon seeing the defendant's car suddenly approaching him attempted to swerve his car to the right to avoid a collision, but before he could effect this result, the defendant's truck had crashed into his car in a side by side collision.

Plaintiff testified that he was driving about 10 feet from the north curb line of Girard Avenue; that when he got to the curb line of 42d Street and Girard Avenue, he noticed defendant's truck coming east and straddling the last trolley rail; the traffic light was green for Girard Avenue; that plaintiff proceeded across and when he was just about in the center of the street, he was about to make a left-hand turn.

Edward M. Betts, a witness on behalf of plaintiff, testified that he was following defendant's truck, which was about 75 to 100 feet ahead of him; that just as they got to the intersection, he saw the laundry truck swerve to the left, and the two vehicles came together.

Christopher A. Gorman, another witness for plaintiff, testified that he was 100 feet away from the corner of 42d Street at the time of the accident; that the laundry truck was coming east on Girard Avenue and it was partially in the tracks when the driver cut across 42d Street; that "the fellow in the truck cut in the fellow at 42d Street going north"; that the truck was going faster than thirty or thirty-five miles an hour when the driver cut in; that plaintiff's sedan pulled aside to the right to get away from the truck.

In determining whether or not the court should have entered judgment n. o. v., all evidence and all inferences reasonably deducible therefrom favorable to the party obtaining the verdict must be taken as true and all unfavorable to him, if depending solely on testimony, must be rejected; *Hostetler v. Kniseley,* 322 Pa. 248, 185 A. 300.

The findings of fact by the trial judge have the effect

of a verdict of a jury and will not be set aside when there is evidence to support them: *Pocock v. Levy,* 130 Pa. Superior Ct. 94, 196 A. 869.

The alleged contributory negligence of the plaintiff was for the trial judge sitting without a jury and could not be determined as a matter of law: *Zweifel v. Harrisburg Rys. Co.* 284 Pa. 212, 130 A. 411. It is only in those cases where contributory negligence is so clearly revealed that fair or reasonable individuals could not disagree as to its existence, that it may be declared judicially: *Altomari v. Kruger,* 325 Pa. 235, 188 A. 828. Plaintiff was not bound to anticipate the negligence of the driver of the truck: *Handfinger et al. v. Barnwell Brothers, Inc.,* 325 Pa. 319, 189 A. 312.

After a careful examination of the testimony, we are satisfied that the question was one of fact to be determined by the judge sitting without a jury, and that the testimony supports his finding.

The defendant, at the trial of the case, sought to offer in evidence a statement alleged to have been given by the plaintiff to his insurance carrier. The plaintiff admitted that the signature on the statement was his own, but stated that the facts set forth in the same were not as given by him to the adjuster who called on him. The defendant made no attempt to call the insurance adjuster who took the statement, to testify as to its correctness. The court sustained the objection to its admission. We see no error in this as the ground had not been laid for its admission, in view of the denial by plaintiff of its correctness.

The assignments of error are overruled and judgment affirmed.