## Shields *v.* Neff, Appellant.

Argued October 18, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Raymond A. White, Jr.,* for appellant.

*David F. Kaliner,* with him *G. A. Swayze,* for appellee.

OPINION BY STADTFELD, J., November 22, 1938:

Plaintiff sued in trespass to recover for personal injuries and property damage sustained by him on November 14, 1936, when his automobile and that of defendant collided at the intersection of 21st and Hamilton Streets, Philadelphia.

Hamilton Street is thirty-four feet wide from curb to curb, and 21st Street is twenty-six feet wide, with a thirteen foot pavement on each street.

The case was tried before the court and a jury, and resulted in a verdict for plaintiff in the sum of $1000. A request for binding instructions in favor of defendant was refused. A motion for judgment non obstante veredicto was overruled and judgment entered on the verdict. An opinion was subsequently filed by BROWN, Jr., J. This appeal followed.

The only witnesses at the trial were plaintiff and

one Walter Dietrich. No testimony was offered on behalf of defendant.

On a motion for judgment n.o.v., plaintiff is entitled to have the testimony considered in the light most favorable to him, and is to be given the benefit of every fact and inference of fact which may be reasonably deduced from the evidence: *Guilinger v. Penna. R. R. Co.*, 304 Pa. 140, 155 A. 293; *Galliano v. East Penn Electric Co.*, 303 Pa. 498, 154 A. 805.

The plaintiff's testimony was that about 12:30 P.M., on Saturday, November 14, 1936, the weather being clear and the streets dry, plaintiff was driving his automobile north on 21st Street, a one-way street for traffic, proceeding north, five or six feet from the west curb at twenty miles per hour, and when he was twenty to twenty-five feet from Hamilton Street, which intersects 21st Street at an angle of ninety degrees, he saw defendant's automobile coming east on Hamilton Street, a little to the right, or south of the centre of the street, one hundred feet away from 21st Street, at twenty miles per hour, and gradually slowing down. There was no building on the southwest corner of the intersection, but there were four automobiles parked on the south side of Hamilton Street, facing east, the front of the first parked car being eight feet west of 21st Street. Plaintiff slowed the speed of his automobile to fifteen miles per hour, blew his horn, and continued to look in the direction of defendant's automobile at all times. His view was obstructed by the parked automobiles, but when he was abreast of them, eight or nine feet north of the south curb line of Hamilton Street, he again saw defendant's automobile. This time, defendant was thirty feet west of the intersection coming at forty miles per hour. Plaintiff applied his brakes and turned to the right, and had about stopped, with his front wheels in the centre of the intersection, when the front of defendant's automobile struck the left front side of his

automobile. No warning was given by defendant, and his direction and speed, after plaintiff saw him thirty feet from the intersection, were not changed.

Walter Dietrich testified that he was traveling thirteen to fifteen feet to the rear and to the left of the plaintiff's automobile, and that at thirty to forty feet south of the intersection, he saw the top of defendant's automobile going at a speed of thirty-five to forty miles an hour.

Appellant's contention is that if plaintiff had been vigilant and had looked, he could have seen, just as Dietrich saw, the automobile of defendant, coming at a rate of speed of thirty-five to forty miles an hour, when he, Dietrich, was thirty to forty feet south of the intersection; that when the plaintiff saw the defendant's car, the second time, it was thirty feet away, and if plaintiff had had his car under proper control at the street intersection, he could have stopped; that plaintiff's own carelessness brought him into the path of the rapidly driven automobile of the defendant and that this contributory negligence should bar a recovery. We cannot agree with this contention.

Since plaintiff had the right of way, he was not required to anticipate and guard against the want of ordinary care on the part of the defendant. Plaintiff had the right to assume that the defendant, approaching an intersecting street, especially a well traveled one-way street, would do so at the moderate rate of speed he had been going when last seen, with his automobile under control: *Rankin v. Boyle,* 328 Pa. 284, 287, 195 A. 36; *Swift v. Corrado,* 292 Pa. 543, 545, 141 A. 491; *Davis et ux. v. American Ice Co.,* 285 Pa. 177, 182, 131 A. 720; *Simon v. Lit Bros., Inc.,* 264 Pa. 121, 123, 107 A. 635.

As stated by our court in the case of *Probka v. Polis,* 124 Pa. Superior Ct. 129, 131, 188 A. 393: "He was not bound to anticipate negligence on the part of the de-

fendant ...... who, by law, was required to yield the right of way to him."

The speed at which plaintiff operated his automobile, as he entered the intersection, was fifteen miles per hour, and after he saw defendant thirty feet away coming at forty miles per hour, plaintiff's automobile traveled about fifteen feet. As soon as plaintiff saw defendant's automobile for the second time, he turned sharply to the right and applied his brakes. This testimony does not indicate such lack of control as could convict plaintiff of contributory negligence as a matter of law. The question was solely one of fact for the jury, and was submitted to them in a careful and comprehensive charge.

There was nothing to indicate to plaintiff that between the time he first saw defendant's automobile one hundred feet back from 21st Street, and the time he next saw it, 30 feet from that intersection, that defendant's automobile would increase its speed. On the contrary, there was every reasonable indication that by decreasing his speed when first observed, defendant was yielding the right of way, which by law, he was required to do. Plaintiff, therefore, did not "test a known danger," for there was no danger which could be known to him, until after he reached the intersection.

Even if we assume that the testimony of Dietrich contradicted plaintiff's testimony, this would not affect the right of plaintiff to go to the jury, if on his testimony alone that right arose. In *Giles v. Bennett et al.,* 298 Pa. 158, 163, 148 A. 90, the Supreme Court held that: "While it is true the contradictory evidence in this case comes from plaintiff's witness, this at most calls for the application of the rule that if on one part of the plaintiff's testimony or that of a witness he is entitled to go to the jury and on another part he is not ......, it is for the jury to reconcile such conflicting statements and say which shall prevail."

294

In *Adams v. Gardiner*, 306 Pa. 576, 585, 160 A. 589, the Supreme Court said: "When by reason of conflicting statements the plaintiff's testimony leaves the question of his contributory negligence in doubt, since he has not the burden of proof on that issue, it is for the jury to decide the real facts in relation thereto, notwithstanding the conflict: *Cronmuller v. Evening Telegraph*, 232 Pa. 14."

The alleged contributory negligence of the plaintiff was for the jury and could not be determined as a matter of law: *Zweifel v. Harrisburg Rys. Co.*, 284 Pa. 212, 130 A. 411. It is only in those cases where contributory negligence is so clearly revealed that fair or reasonable individuals could not disagree as to its existence that it may be declared judicially: *Altomari v. Kruger*, 325 Pa. 235, 188 A. 828.

We find nothing in the record which would warrant a reversal of the judgment.

Judgment affirmed.