## Gardner *v.* Kline et al., Appellant.

506

Argued October 13, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

Raymond A. White, Jr., for appellant.

Francis X. McClanaghan, for appellee.

OPINION BY STADTFELD, J., November 22, 1939:

This is an action in trespass. Statement of claim was filed, but no affidavit of defense. The case was tried before FLOOD, J., and a jury. Benson Gardner, the plaintiff, was the operator of a motor vehicle belonging to Wawa Dairies. As the result of a right angle collision which occurred on February 3, 1937, separate actions were instituted by the plaintiff and by the Wawa Dairy Farms, Inc., his employer.

At the conclusion of the plaintiff's testimony, the defendant asked for the entry of non-suit. This motion was denied, and the defendant thereafter refrained from producing any testimony, and handed up a point for binding instructions. The point was refused. The jury returned a verdict in favor of the plaintiff in the sum of $300. Thereafter, defendant's motion for judg-

ment n. o. v. was overruled and judgment was entered in favor of the plaintiff. This appeal followed.

The negligence of defendant's driver was admitted. The sole defense on which appellant relies is the alleged contributory negligence of plaintiff appellee.

The evidence in this case is solely that of the plaintiff, Benson Gardner, and his witness, Samuel Childs.

Quoting from the opinion of the lower court: "The collision occurred at the corner of 25th and Seybert Streets, in Philadelphia, at 10 o'clock on a clear, dry morning. 25th Street is two-way, 26 feet wide between curbs, with 12 foot sidewalks. Seybert Street has a 17 foot cartway and 10 foot sidewalks. Plaintiff was driving south on 25th Street, 4 feet from the right curb, and at the rate of 15 miles per hour. Defendant was going west in the center of Seybert Street so that he was approaching from plaintiff's left. There was no other traffic on either street.

"Plaintiff's account of the accident varied slightly in the course of his testimony. He stated, generally, that as he reached the houseline he looked both ways and saw defendant's truck about 150 feet away coming at 30 or 35 miles per hour. He said that he again saw defendant's truck when he, plaintiff, 'was approaching the center of the street,' and defendant was then about two or three houses from the corner which plaintiff stated he considered about 35 feet from his truck. Later, upon cross-examination by defendant's counsel, with the conflict clearly called to his attention, plaintiff unequivocally stated that he saw the truck again, two or three houses from the curb, when he reached the curbline, not the center of the street. The left rear wheel of plaintiff's truck was struck at the center of the intersection, and it overturned. Defendant did not stop until he had gone two houses past 25th Street. Both plaintiff and a witness on his behalf testified that defendant drove at a speed of 30 or 35 miles per hour and apparently did not slow down, but went through

the crossing at the same speed. Plaintiff stated that he sounded his horn. The other witness says that one horn was sounded, but he did not know which it was."

The witness, Samuel Childs, by his testimony placed the defendant's truck three houses east of 25th Street where plaintiff was crossing the intersection.

Since the verdict was for the plaintiff, we must, in considering defendant's motion for judgment n. o. v. read the testimony bearing upon contributory negligence, in the light most favorable to plaintiff.

The testimony of the plaintiff, Gardner, and that of the witness, Childs, clearly indicates that the truck operated by Gardner had the right of way, was at the intersection well in advance of the truck operated by the defendant's driver and was committed to the intersection when it became apparent that the defendant was negligently continuing across the intersection at a high rate of speed. Under such circumstances, the plaintiff was not negligent and his perilous situation was due solely to the negligence of the defendant.

Appellant contends that plaintiff appellee is bound by his own admission that he looked when at the houseline and then again only when he was near the center of the street, and that, therefore, appellee is contributorily negligent as a matter of law. Appellant, however, overlooks the fact that plaintiff appellee later contradicted this statement and when the contradiction was called to his attention, he unequivocally stated that he looked a second time at the curbline. The two conflicting statements regarding contributory negligence were for the jury to reconcile: *Greene v. Philadelphia,* 279 Pa. 389, 124 A. 134; *Lewis v. Pittsburgh Rys. Co.,* 132 Pa. Superior Ct. 394, 200 A. 2d 704.

Quoting from the opinion of Judge CUNNINGHAM in *Kessler, Adm., v. Philadelphia Rapid Transit Co.,* 107 Pa. Superior Ct. 143, 149, 163 A. 393, "Ordinarily where the testimony of a plaintiff, or his witnesses, in a negligence case is so contradictory or inconsistent

that in one aspect it shows contributory negligence and in the other does not, it is for the jury to reconcile the conflicting statements and determine which shall prevail. The reason for the rule is that a plaintiff does not have the burden of disproving contributory negligence."

In *Altomari v. Kruger*, 325 Pa. 235, 188 A. 828, a case in many respects analogous to the instant case, Mr. Justice MAXEY said, at p. 239: "In *Adams v. Gardner*, 306 Pa. 576, 160 A. 589, which case arose from a collision of two motor vehicles at a street intersection, we said: 'Plaintiff cannot, on the facts as they then appeared to him, be held chargeable with knowledge that a collision was inevitable if he continued on his way. If it appeared to him that his car would reach the intersection first, as he said it so appeared and did, he had a right to assume that the defendant even though going at the rate of thirty to thirty-five miles an hour, would recognize plaintiff's superior right to the intersection and control the car as a considerate driver would under the circumstances, i. e., apply the brakes and slacken his speed. If the plaintiff after reaching the square saw that the defendant had also reached the square and was in fact "picking up speed" (as the former testified) his act in quickly swinging his car to the right was under the circumstances an act of prudence, and if defendant had shown equal prudence by turning his car to the left the collision would have been avoided.'

"According to plaintiff's testimony, when defendant's truck was in front of the grocery store, 40 to 45 feet north of the intersection, plaintiff was 'about half way across at the time.' Plaintiff said: 'I took my eye off him just for an instant to put more gas on to get out of his road and he just swung to the left of him' (i. e., to the east side of the intersection). We think that plaintiff was justified in proceeding on the assumption, after considering the relation of the two cars at that time to the intersection, that defendant's driver

would slow down or at least veer to his, i. e., defendant's driver's right. We see nothing in plaintiff's conduct after he had 'eased out' into the middle of the street that would justify declaring him guilty of negligence as a matter of law. Under the circumstances of this case, the question of his contributory negligence was for the jury."

In *Rankin v. Boyle*, 328 Pa. 284, 195 A. 36, it was said: "Having the right of way she could assume that the driver of the oncoming automobile would approach at a moderate speed with his car under control. She was not required to anticipate and guard against the want of ordinary care on the part of such a driver: *Simon v. Lit Bros. Inc.*, 264 Pa. 121; *Swift v. Corrado*, 292 Pa. 543; *Lookatch v. Robinson*, supra (318 Pa. 545, 179 A. 66)."

The entire record shows that the plaintiff arrived at the intersection well in advance of the defendant, that he approached the same from the right of defendant's driver and consequently was entitled to the right of way and to assume that defendant's driver would respect said right. Under such circumstances the action of the plaintiff in continuing across the intersection presented a question for determination by the jury as to possible negligence by the plaintiff.

The case was submitted to the jury in a charge concerning which no complaint is made. We believe the verdict is sustained by the testimony.

Assignments of error are overruled and judgment affirmed.