## UNDERHILL v. TABBUTT.

Civil Action No. 2752.

District Court, E. D. Pennsylvania.
Aug. 24, 1945.

Alphonso Santangelo, of Norristown, Pa., for plaintiff.

Thomas J. Clary, Asst. U. S. Atty., and Gerald A. Gleeson, U.S. Atty., both of Philadelphia, Pa., for defendant.

BARD, District Judge.

This is an action to recover compensation for damage to plaintiff's automobile allegedly caused by defendant's negligent operation of a motor vehicle. The suit was originally brought in the Court of Common Pleas for the County of Delaware, Pennsylvania, and was removed to this Court under the provisions of Section 33 of the Judicial Code as amended.[1]

I make the following special

Findings of Fact

1. Plaintiff Hattie V. Underhill, a resident of Lansdowne, Pennsylvania, was, at all times pertinent hereto, the owner of a Buick automobile, Pennsylvania license No. 697V8 (1940).

2. Defendant Clayton W. Tabbutt was, at all times pertinent hereto, an employee of the United States Bureau of Internal Revenue driving a government owned Chevrolet automobile.

3. At about 9:40 P.M. on April 21, 1940 defendant's automobile collided with plaintiff's car in front of premises No. 9 East Plumstead Avenue, between Lansdowne and Wayne Avenues, Lansdowne, Pennsylvania, causing damage to plaintiff's automobile.

4. At the time of the accident it was dark and raining. The headlights of both cars were lit.

5. F. S. Underhill, plaintiff's husband, was driving her automobile in an easterly direction on the south side of Plumstead Avenue at low speed.

6. Defendant was driving the government automobile westwardly on the north side of Plumstead Avenue at a moderate rate of speed.

7. Underhill began a left turn across the west-bound lane opposite premises No. 9 East Plumstead Avenue to enter the driveway on the premises when defendant was approximately 150 feet to the east approaching the driveway.

8. Defendant struck the middle of the right side of plaintiff's car. At the moment of impact, the front of plaintiff's car was on the sidewalk and about to enter the driveway, and the rear end of the car projected on Plumstead Avenue.

9. Defendant's car stopped about one foot from the north curb of Plumstead Avenue perpendicular to and against the right side of plaintiff's automobile.

10. No other vehicles were on Plumstead Avenue in the vicinity of the accident. There was a space of approximately 28 feet from the rear of plaintiff's car to the south curb of Plumstead Avenue.

10. After the accident, defendant admitted to Mr. and Mrs. Underhill and the police officer who investigated the accident that the accident was his fault.

11. Plaintiff has suffered damages in the amount of $92.26, the cost of repairing her automobile.

Discussion

This automobile collision occurred at about 9:40 P.M. on a rainy night. Plaintiff's husband, F.S. Underhill, was driving in an easterly direction on Plumstead Avenue, Lansdowne, and defendant was approaching Underhill from the opposite direction on the same street. Both drivers were alone in their cars. Underhill made a left turn in the middle of the block to enter the driveway of his home while defendant was still about 150 feet to the east. Defendant's car struck the Underhill car on the right side at right angles while the front wheels of plaintiff's car were on the sidewalk. Defendant's car came to rest parallel and close to the north curb with its front end close to plaintiff's automobile. Although the rear end of plaintiff's car projected into the street, it was about 28 feet from the south curb of Plumstead Avenue.

Underhill had a right to make the left turn across defendant's lane of traffic so long as it was done in a careful manner. Richards et ux. v. Warner Company, 311 Pa. 50, 166 A. 496, 87 A.L.R. 1159. Defendant was about 150 feet to the east when the turn started and it was reasonable for Underhill to believe that there would be ample opportunity to reach the driveway and for defendant to see plaintiff's car and pass it in safety. Rankin v. Boyle, 328 Pa. 284, 195 A. 36. Having committed his car

[1] Act of March 3, 1911, c. 231, § 33, 36 Stat. 1097, as amended August 23, 1916, c. 399, 39 Stat. 532, 28 U.S.C.A. § 76.

to crossing the lane of traffic 150 feet in front of defendant, Underhill had a right to assume that defendant would exercise ordinary care and keep his car under proper control so as to pass his car safely. Lookatch v. Robinson, 318 Pa. 545, 179 A. 66; Simon v. Lit Bros., Inc., 264 Pa. 121, 107 A. 635.

The position of the cars after the collision indicates that the defendant was not driving at a high speed. Defendant himself testified that he did not see the Underhill car before him until he was about 15 or 20 feet away. Underhill, an elderly man, was able to see defendant's car at least 150 feet away. It seems reasonable that defendant should have been able to see the headlights of the Underhill car at a distance which would have enabled him to avoid a collision by stopping or passing between plaintiff's car and the south curb. Defendant cannot be permitted to say he looked ahead where he had an unobstructed view without seeing what must have been within his range of vision. Shore Service, Inc. v. Philadelphia Rural Transit Co., 97 Pa. Super. 541. Defendant was therefore negligent in that he did not take sufficient pains in his observation to see the obstruction which was before him. Richards et ux. v. Warner Company, supra.

If it is assumed that defendant exerted the utmost diligence in observing the roadway ahead but that the rain and darkness prevented him from seeing the Underhill car entering the driveway athwart defendant's lane of traffic until defendant was twenty feet away, then defendant was negligent in not driving at a speed which would have enabled him to stop or avoid any obstacle appearing within his range of vision. Stark v. Fullerton Trucking Co., 318 Pa. 541, 179 A. 84; Janeway v. Lafferty Brothers, 323 Pa. 324, 185 A. 827; Meads v. Rutter, 122 Pa. Super. 64, 184 A. 560.

It is contended that, even if defendant is guilty of negligence, Underhill was guilty of contributory negligence. A determination whether or not Underhill was guilty of contributory negligence will not affect plaintiff's right to recover for the damage to her car. The car, owned by the plaintiff, was being driven by her husband at the time of the accident. There was no evidence that he was driving the car in her behalf, in the furtherance of her affairs, or in furtherance of the affairs or business of the family. In the absence of such evidence, the contributory negligence of the driver, if any, cannot be imputed to plaintiff so as to bar recovery. Hildock v. Grosso, 334 Pa. 222, 5 A.2d 565; Piquet et ux. v. Wazelle, 288 Pa. 463, 136 A. 787.

Judgment must be entered for plaintiff in the amount of $92.26.

### Conclusions of Law

1. This Court has jurisdiction of this action brought by plaintiff to recover compensation for damage to her car under the provisions of Section 33 of the Judicial Code, 28 U.S.C.A. § 76.

2. This Court has jurisdiction over the defendant.

3. The damage to plaintiff's automobile was caused by defendant's negligence.

4. Judgment may be entered for plaintiff for $92.26.