## Ksiazek *v.* Pelle, Appellant.

Argued October 5, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*James C. Crumlish, Jr.*, with him *Max E. Cohen*, for appellant.

*Walter G. Dugger*, for appellee.

OPINION BY WRIGHT, J., December 29, 1953:

This case involves an automobile accident at the intersection of 12th and Vine Streets in the City of Philadelphia about 9:00 a.m. on August 25, 1951. The weather was clear and the roadway dry. Vine Street runs East and West with five traffic lanes in each direction separated by a center dividing strip. At the intersection in question there is a five foot passenger safety island between the second and third traffic lanes from the North side. The total width of the Westbound lanes is approximately 50 feet. Twelfth Street is a one-way street running from North to South, and is 25 to 30 feet wide with a trolley track in the center. The intersection is controlled by traffic lights which show green, green-yellow, yellow, and red.

Appellee was proceeding West on Vine Street in the fourth lane, some 45 feet from the North curb. As he approached the intersection he was traveling about 20 miles per hour, and the traffic light was green. It turned to green-yellow as he entered the intersection.

At that moment he saw appellant approaching the intersection from his right at 25 to 30 miles per hour, and "slowing down at the corner". As appellee proceeded through the intersection he continued to look to his right. When he saw that appellant had not stopped but was actually entering the intersection, he stepped on the accelerator but his right rear fender was struck by the right front portion of appellant's car. Appellant contended that he had the green light, but he admitted that he did not see appellee until he was "right in front of me and my car." After a clear and comprehensive charge, the jury returned a verdict in favor of the appellee. This appeal was taken from the refusal of the court below to enter judgment n.o.v., or to award a new trial.

Appellant does not contend that he was not negligent. Had he been reasonably observant he would have seen appellee's automobile well before he did. At an intersection motorists must exercise a high degree of care: *Radobersky v. Imperial Vol. Fire Dept.*, 368 Pa. 235, 81 A. 2d 865. Appellant's position is that appellee was guilty of contributory negligence as a matter of law. He contends (1) that appellee should have looked for traffic on 12th Street before he arrived at the intersection, and (2) that appellee should not have entered the intersection in the face of a green-yellow traffic signal when he had knowledge that appellant's vehicle was approaching the intersection from his right.

We agree with Judge SLOANE of the court below that "the outcome of this case depended on the jury's solution of the factual questions involved". The jury believed appellee's version of the accident. We must view the testimony in the light most favorable to him: *Walters v. Kapiris,* 159 Pa. Superior Ct. 170, 48 A. 2d 35. While the testimony must be given a reasonable interpretation: *Brizzi v. Pianetti,* 165 Pa. Supe-

rior Ct. 258, 67 A. 2d 578, we must consider only that which supports the verdict: *Olson v. Swain*, 163 Pa. Superior Ct. 101, 60 A. 2d 548; *Fuller v. Pennsylvania R. R. Co.*, 169 Pa. Superior Ct. 523, 83 A. 2d 405. Where the question of contributory negligence is one over which reasonable minds can differ, it is properly left to the jury: *McClintock v. Pittsburgh Railways Co.*, 371 Pa. 540, 92 A. 2d 185. Contributory negligence will be declared as a matter of law only when it is so clearly revealed that fair and reasonable persons could not disagree as to its existence: *Carden v. Philadelphia Transportation Co.*, 351 Pa. 407, 41 A. 2d 667; *Steffenson v. Lehigh Valley Transit Co.*, 361 Pa. 317, 64 A. 2d 785; *Armstrong v. Reading Street Railway Co.*, 171 Pa. Superior Ct. 65, 90 A. 2d 277.

In the case at bar, appellee was proceeding along one of the most modern thoroughfares in the City of Philadelphia. The traffic light was green as he approached the intersection. While this favorable traffic signal did not authorize appellee to disregard an apparent danger, it did give him permission to proceed lawfully and carefully in the exercise of reasonable prudence: *Byrne et al. v. Schultz*, 306 Pa. 427, 160 A. 125; and see *Przybyszewski v. Nunes*, 168 Pa. Superior Ct. 311, 77 A. 2d 703. He had the right to assume that appellant would obey the traffic signal: *Sobieralski v. Schwotzer*, 152 Pa. Superior Ct. 661, 33 A. 2d 277. One is not required to anticipate and guard against the want of ordinary care: *Roth v. Hurd*, 140 Pa. Superior Ct. 401, 13 A. 2d 891. There was sufficient testimony from which the jury could infer that appellee's vehicle was properly in the intersection and that he was justified in proceeding on the assumption that appellant would recognize his superior right: *Adams v. Gardiner*, 306 Pa. 576, 160 A. 589; *Gardiner v. Kline*, 137 Pa. Superior Ct. 505, 9 A. 2d 487. The

308

case was clearly for the jury: *Graff v. Scott Bros.,* 315 Pa. 262, 172 A. 659.

Judgment affirmed.