GRAND TOWER MANUFACTURING AND TRANSPORTATION CO.

*v.*

JACOB ULLMAN.

1. INSTRUCTION—*to find for plaintiff on proof of any one of several counts, part of which are defective.* Where two of the three counts in a declaration are clearly so defective that the facts stated in either of them are insufficient to sustain a recovery, a charge to the jury that if the plaintiff has proven the averments in any one count they should find for the plaintiff, is erroneous.

2. CARRIER—*whether holding goods as a warehouseman or as carrier.* Where goods are delivered to a common carrier for transportation, and are placed in the depot or warehouse awaiting transportation, with nothing further to be done by the shipper, and they are burned before being shipped, the company so receiving them will be liable as a common carrier, and not merely as a warehouseman.

3. RAILROAD—*liability of company when road is in the hands of trustees.* Where a railroad is in the hands of trustees, exercising the same functions the corporation is formed to exercise, and who were selected by the corporation as well as by its bondholders, and are operating the road to earn money to be applied in payment of the debts of the corporation, the trustees will be regarded as the agents of the corporation so far as relates to the transaction of business with third persons, and such persons may sue the corporation and recover damages, in respect to transactions had with such trustees, and will not be compelled to sue the trustees.

APPEAL from the Circuit Court of Jackson county; the Hon. M. C. CRAWFORD, Judge, presiding.

This was an action on the case, by Jacob Ullman against The Grand Tower Manufacturing and Transportation Company, to recover the value of goods delivered by the plaintiff to the defendant, at its depot at Murphysboro, in January, 1873, to be transported to Cairo, in this State, which were

destroyed by fire in the defendant's warehouse or depot before they were shipped. The plaintiff recovered, and the defendant appealed.

Mr. THOMAS G. ALLEN, for the appellant.

Mr. F. E. ALBRIGHT, and Mr. W. J. ALLEN, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The declaration in this case contains three counts. The first and second counts are clearly so defective that the facts stated in neither of them are sufficient to warrant a recovery. The court charged the jury, that if plaintiff has proven the averments in any one count in the declaration, they should find for the plaintiff. This was error, and for this error the judgment must be reversed.

It is insisted, that under the proofs the liability, if any, was that of warehouseman, and not that of a common carrier. This position is not tenable. It is true the goods were still in the depot or warehouse, and had not been put upon the cars. They were there, however, under the proof, for shipment, at the earliest convenience of the carrier, and were not there for storage. Nothing further remained for the owner to do before shipment.

It is also insisted, no action can be maintained against the corporation because the road was in possession of trustees for the bondholders. These trustees seem to have been exercising the same functions the corporation was formed to exercise. The character of the trust is not specifically shown by the proofs, but the fair inference would seem to be, that the trustees were the trustees of the corporation, of its own selection as well as of the bondholders, and were running the road to earn money to be applied in payment of the debts of the corporation. In such case, the trustees must be regarded as the

agents of the corporation, in so far as relates to the transaction of business with third persons.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*