THE JOLIET RAILROAD COMPANY

*v.*

JAMES MCPHERSON.

*Opinion filed December 18, 1901.*

1. TRIAL—*case should go to jury if evidence must be weighed to determine preponderance.* If evidence in a suit at law must be weighed to determine on which side it preponderates, the issue should be submitted to the jury, subject to the power of the court to grant a new trial if the verdict is against such preponderance.

2. INSTRUCTION—*when an instruction as to proof required is properly modified.* If all the counts of the declaration are good and each sufficient to warrant a recovery if proved, it is not error to modify an instruction requiring the defendant to prove every material allegation in his declaration, by requiring proof of every material allegation in the declaration "or some count thereof."

*Joliet Railroad Co.* v. *McPherson,* 96 Ill. App. 286, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. R. W. HILSCHER, Judge, presiding.

E. MEERS, for appellant.

DONAHOE & MCNAUGHTON, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Appellate Court for the Second District affirmed a judgment against appellant for $3500, recovered by appellee in the circuit court of Will county for damages on account of injuries alleged to have been caused by the negligence of appellant in suddenly starting its street car on which appellee was a passenger, while he was alighting therefrom.

The trial court refused to instruct the jury to return a verdict of not guilty and submitted the issue to the jury. The ruling is assigned as error. It is conceded

by appellant that the evidence touching the issue before the jury was conflicting and the evidence produced by appellee sustained the cause of action alleged, but it is insisted that more consistent, probable and credible evidence produced by the defendant overcame the evidence on the part of the plaintiff, and that there was such a decided weight of the evidence in favor of appellant that the issue should not have been submitted to the jury. The determination of the question whether there was a preponderance of evidence in favor of appellant involved a weighing of testimony and giving credit to the witnesses on one side or the other, and in such a case it is not the function of the court to say to the jury, as a matter of law, that the verdict should be for one party or the other. Where evidence is to be weighed to determine on which side the preponderance is, the issue should be submitted to the jury, subject to the power of the court to grant a new trial if the verdict should be against the clear preponderance of the evidence. The argument that the verdict in this case was against the clear preponderance of the evidence was properly addressed to the Appellate Court, and it fell within the province of that court to decide that question. It was not error in the trial court to refuse the instruction, and the decision of the Appellate Court on the question of fact is final.

Appellant complains of the giving of an instruction at the instance of appellee making a reference to the declaration, on the ground that the evidence sustained only the first count. Each count set up a good cause of action, and the mere fact that only one was proved would not render the instruction prejudicial to appellant.

Appellant asked the court to instruct the jury that appellee was bound to prove every material allegation contained in his declaration, by a preponderance of the evidence. The court modified it by requiring plaintiff to prove every material allegation contained in his declaration, or some count of the same, by a preponderance of

the evidence. If there had been any defective count which did not allege sufficient facts to warrant a recovery, it would have been error to direct a recovery on proof of the allegations of any count of the declaration. (*Grand Tower Manf. and Trans. Co.* v. *Ullman*, 89 Ill. 244.) But there was no defective count in this case, and proof of the allegations of any one would have authorized a recovery. It was, therefore, not error to make the modification.

The judgment is affirmed.       *Judgment affirmed.*