PETRONELI BELSKIS, Defendant in Error, *vs.* THE DERING COAL COMPANY, Plaintiff in Error.

*Opinion filed June 29, 1910—Rehearing denied October 11, 1910.*

1. APPEALS AND ERRORS—*points and questions decided on first appeal are conclusive on second appeal.* It is the general rule that the rulings of a court of review on the first appeal become the law of the case in all subsequent stages when the case is sent back for further proceedings, if the evidence is substantially the same as that upon which the first decision rested.

2. SAME—*when ruling admitting evidence on first trial is not conclusive.* The fact that evidence was admitted over objection on the first trial of a common law action does not preclude the assigning of error on the admission of such evidence on the second trial after the cause has been remanded, where there was no consideration of that question in the court of review, no error having been assigned on that ruling of the trial court.

3. SAME—*when failure to assign error on first appeal is not a waiver.* Failure to assign error in the court of review on the ruling of the trial court in admitting evidence in a common law action is not a waiver of the right to assign error on the admission of the same evidence on the second trial after the cause has been remanded for a trial *de novo.*

4. SAME—*party must point out wherein declaration is faulty.* A party who complains, on appeal, that the declaration is faulty must point out the faults he complains of, as it is not the duty of the Supreme Court to make an independent search for errors upon which to base a reversal.

5. EVIDENCE—*what question should be answered to lay basis for impeachment.* Where a witness in a mine accident case testifies at the trial that he noticed a certain rock in the roof several days before it fell and that it appeared loose, the court should allow him to be asked whether he had not testified at the coroner's inquest that he examined the rock thirty minutes before it fell and thought it was not dangerous.

6. SAME—*when signed paper offered for purpose of impeachment is properly excluded.* Where a signed paper purporting to set out the testimony of a witness at the coroner's inquest is shown to the witness at the trial and he repudiates the paper in the form presented to him and denies knowledge of the contents though he admits his signature, the paper is not admissible for the purpose of impeachment without evidence to show that the witness understood its contents and that they were the same as when he signed.

7. SAME—*what not admissible as part of the res gestæ.* In an action under the Mines and Miners act for alleged willful violation of the provision requiring the examination of the mine and marking of dangerous places, a conversation between the State mine inspector and the mine examiner, about two hours after the accident, with reference to whether the examiner had examined the mine and marked the place where the accident occurred is a mere narration of a past transaction and not admissible as part of the *res gestæ.*

8. INSTRUCTIONS—*when giving an instruction referring jury to declaration is not error.* Giving an instruction to the effect that the plaintiff may recover if he has proved the case alleged in the declaration is not to be commended, but it is not ground for reversal if every count in the declaration contains the necessary allegations for a recovery.

9. SAME—*when instruction as to good faith in examining mine is properly refused.* An instruction authorizing a verdict for the defendant mining company if the jury believed the examiner had in good faith examined the room before he permitted the deceased to enter is properly refused, where it ignores the charge of the declaration that the examiner failed to examine the roof of the room and mark thereon the day and month of the examination.

FARMER, J., dissenting.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding.

O. M. JONES, and CHARLES TROUP, (MASTIN & SHERLOCK, of counsel,) for plaintiff in error.

KEESLAR & GUNN, and H. ERNEST HUTTON, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Petroneli Belskis, the defendant in error, brought this suit in the circuit court of Vermilion county against the plaintiff in error, the Dering Coal Company, to recover damages alleged to have resulted by reason of its willful

failure to comply with certain provisions of the Mines and Miners act, whereby her husband, John Belskis, was killed. The trial resulted in a verdict and judgment against plaintiff in error for $1999. The Appellate Court affirmed the judgment of the lower court and the case was brought here by petition for *certiorari*.

The declaration contained two counts. The first count charged plaintiff in error with having willfully failed to have the room in which the deceased was at work examined by the mine examiner and marked in chalk with the month and day of his visit, in consequence whereof a large rock from the roof fell upon the deceased. The second count charged the existence of a dangerous condition in said room, consisting of a large loose rock in the roof thereof, and that the plaintiff in error by the exercise of reasonable care could have learned of such condition; that it willfully failed to inspect said room before permitting deceased to work therein and willfully failed to place a conspicuous mark on said rock as notice to him of the danger, and that said rock fell upon him and caused his death.

The afternoon of June 3, 1907, John Belskis, a miner in the employ of plaintiff in error, was killed by the fall of a large rock in the room where he was working, being room 5 off the third south-west entry of plaintiff in error's mine. There is a controversy in the evidence as to whether during the previous night or the morning of the accident the mine examiner employed by plaintiff in error had examined the mine or made any mark in this room showing that he had made such examination. We are precluded on this record by the judgment of the Appellate Court, affirming that of the lower court, from an examination of either of those questions.

This case has been tried twice in the circuit court. The first trial resulted in a judgment against plaintiff in error, and on appeal to the Appellate Court that judgment was reversed. At the first trial one Thomas Moses, State

mine inspector, was called and testified as a witness for defendant in error.   At the second trial he was unable to be present, and his testimony, by agreement, was read as given at the former trial.   He was permitted on the first trial to state, over the objection of plaintiff in error, that about two hours after the accident to Belskis the witness had met mine inspector McManaman near the room where the accident occurred, as he (Moses) was coming out after making an examination of the room; that he said to McManaman, "Eddie, did you examine this place last night?" and the latter replied, "I did;" that Moses then said, "Where did you place your mark?" and that McManaman walked to the face of the coal and put his light up and said, "Right there;" that the witness said, "It isn't there now," and McManaman replied, "No."   We think this conversation was a mere narration of a completed past transaction, and therefore, under the authorities, was not admissible as a part of the *res gestæ*.   *Baier* v. *Selke,* 211 Ill. 512; *McMahon* v. *Chicago City Railway Co.* 239 id. 334.

It is insisted, however, that the question of the admissibility of this evidence cannot be raised on this trial as on the first appeal to the Appellate Court no error was assigned or argued relating to the action of the trial court in admitting this testimony, and the Appellate Court in this case has so held.   It is the general rule that the rulings of a court of review on the first trial become the law of the case in all subsequent stages when the case is sent back for further proceedings, if the evidence is substantially the same as that upon which the first decision rested; that the points and questions considered and decided in the first appeal are conclusive on the second appeal.   (*West* v. *Douglas,* 145 Ill. 164; *Russell* v. *Harris,* 44 Cal. 489; *Mynning* v. *D., L. & N. R. R. Co.* 67 Mich. 677; 3 Cyc. 395.)   We have held that parties cannot bring their cases to this court in piecemeal, but must raise all questions presented by the record on the first appeal by proper assignment of error or

such questions will be deemed to be waived, so that they cannot be raised upon a subsequent appeal. (*Ogden* v. *Larrabee,* 70 Ill. 510; *Muren Coal and Ice Co.* v. *Howell,* 217 id. 190.) While a prior ruling as to the admission and exclusion of evidence may be conclusive in the subsequent trial where the same questions are presented in the record on the same evidence, (*Hastings* v. *Foxworthy,* 34 L. R. A. (Neb.) 321, and note,) it is manifest that this rule cannot apply to the admission or exclusion of evidence upon which no error was assigned in the first trial and no ruling made by the court of review. In *Haynes* v. *Town of Trenton,* 27 S. W. Rep. (Mo.) 622, it was held that the fact that an instruction given on a former trial was not objected to on appeal did not estop the party from objecting to the same instruction at a later trial and obtaining a ruling on it on a subsequent appeal; that while a party might waive his right to a reversal of the ruling on a particular point by not raising it, such waiver does not necessarily amount to a consent to the same ruling at a later trial.

We have held that when a case is reversed by an appellate tribunal and remanded for a new trial, the principles announced in the Appellate Court opinion must control at the second trial. If the case is remanded for a new trial and a different case is made on the second trial than that which was made on the first trial, by the introduction of further and material testimony, the trial and appellate tribunals are required to consider the entire case made upon the second trial and apply such principles of law as are applicable to the new case. (*Penn Plate Glass Co.* v. *Rice Co.* 216 Ill. 567.) In an ordinary common law action that has been reversed and remanded generally, the parties are entitled, after the case is remanded, to a trial *de novo* before a jury. (*Rigdon* v. *More,* 242 Ill. 256.) In this case, on the first appeal the Appellate Court reversed and remanded the case for a trial *de novo.* The evidence in question bore upon one of the most material and vital questions

at issue in the cause,—the previous marking, by the mine inspector, of the room where the accident occurred. On the second trial there was evidence heard on this question that was not introduced on the first trial. The admission of this conversation of the State mine inspector with the mine inspector, on the second trial, may have been decisive with the jury in reaching a conclusion on this question. Its admission may have been harmless on the first trial but very harmful on the second trial. This testimony should not have been admitted over the objection of plaintiff in error.

The action of the trial court in permitting a witness to answer two questions relating to the proper practice in coal mining, as to whether or not it was possible to tell when a large untimbered rock was going to fall, if error, was harmless. The jury could not have understood that it was the mine examiner's duty to remove the dangerous rock. Furthermore, it is self-evident that the precise time when such a rock would fall could not be determined. The trial court did not err in permitting the mine examiner, McManaman, to testify, upon cross-examination, that the further mining of coal beneath the rock in question would tend to make the condition dangerous.

The witness Tony Mazulis, who was working as the "buddy" of deceased when the latter was killed, testified, on direct examination, that he noticed the rock in question three or four days before it fell and it appeared loose. On his cross-examination he was asked if, when he was a witness at the coroner's inquest, he had not stated that he had examined the rock thirty minutes before it fell and thought it was not dangerous. To this the court sustained an objection. The court should have permitted this question to be answered as laying a proper foundation for impeachment. The same witness testified the signature to a paper shown him was his, but that there was not as much writing on the paper when he signed it as when it was presented to him at the trial. This witness at the trial was testifying

through an interpreter, but he stated that when he testified before the coroner, when it is claimed said statement was made, he talked partly in Lithuanian and partly in English, and that he tried his best to say it in some way,—the best way he could,—but did not know whether they understood or what they wrote on the paper; that he signed it at the direction of the man who was there. Plaintiff in error offered no evidence to show that the witness understood the contents of the paper or that they were the same as when it was signed by him, but offered the portion of the paper above the signature, wherein appeared certain statements that contradicted the witness' testimony given at the trial. Upon the objection of counsel for defendant in error the offer was excluded. In *Momence Stone Co.* v. *Groves,* 197 Ill. 88, this court, in speaking of a similar paper signed by a witness, said: "Having admitted that he signed the paper and made the statements contained in it, it was then competent to be used for the only purpose for which it was admissible,—that he had made a different statement out of court from the one made on the trial." This statement of the law on this question is in harmony with the general rule on the subject,—that is, that when a witness admits that a certain statement is in his handwriting or that he has signed it in its present form it may at the proper time be received in evidence to impeach him. (10 Ency. of Pl. & Pr. p. 285, and cases cited; 30 Am. & Eng. Ency. of Law,—2d ed.—p. 1108.) In *Terry* v. *State,* (Texas,) 72 S. W. Rep. 382, it was held that where a witness denied that he had made certain statements contained in an affidavit, although he admitted he had signed and sworn to it as a whole but with the understanding that certain changes and additions had been made, it was error to permit the introduction of the affidavit in evidence without further proof that the statements were, in fact, made by him. In *Illinois Central Railroad Co.* v. *Wade,* 206 Ill. 523, relied on by plaintiff in error, the witness not only admitted that

he had signed the paper, but it was evident also that he
admitted it was unchanged and that he understood the con-
tents at the time he wrote his signature. In the present
case the witness repudiated the paper in the form in which
it was presented to him and denied that he had knowledge
of its contents. In the absence of testimony to show the
contrary the paper was properly excluded by the trial court.

Plaintiff in error complains of an instruction given by
the court to the effect that defendant in error could recover
if the case was proved as alleged in the declaration. While
the practice of giving such an instruction is not to be com-
mended, it is not reversible error where every count in the
declaration contains the necessary allegations for recovery.
*Joliet Railroad Co.* v. *McPherson,* 193 Ill. 629; *Mt. Olive
Coal Co.* v. *Rademacher,* 190 id. 538; *Krieger* v. *Aurora,
Elgin and Chicago Railroad Co.* 242 id. 544; *Dickson* v.
*Swift Co.* 238 id. 62.

Counsel for plaintiff in error say the declaration was
faulty but have not attempted to point out in what way.
We have repeatedly held that if counsel, in their brief and
argument, do not point out upon what basis or for what
reason the court's ruling is erroneous, it is no part of our
duty to search for errors or to enter upon an independent
search of our own motion to find material upon which to
base a reversal. *Wickes* v. *Walden,* 228 Ill. 56; *Welsh* v.
*Shumway,* 232 id. 54.

It is argued that the court erred in giving the fifth in-
struction for defendant in error, which, in effect, told the
jury that a recovery could be had for any injury or death
of which the willful violation of the Mining statute by the
plaintiff in error was the proximate cause. It is argued
that under this instruction the jury could have allowed a
recovery for any violation of the Mining statute, regardless
of whether or not such violation was charged in the decla-
ration. The instruction is not carefully worded on this
point, but we do not think, even considered alone, it would

have misled the jury. Furthermore, the instruction did not direct a verdict, and other instructions given for plaintiff in error stated fully that there could be a recovery only for violations of the Mining statute as charged in the declaration. Instructions must be taken as a series. (*Helbig v. Citizens' Ins. Co.* 234 Ill. 251.) There was no error in the giving of the instruction.

The plaintiff in error further insists that the trial court erred in refusing its instruction 25, which, in substance, as offered, told the jury that if they believed, from the evidence, that the mine examiner of the plaintiff in error in good faith examined the room where Belskis was killed, the morning before he was permitted to enter, they should return a verdict finding the plaintiff in error not guilty under the first count of the declaration. That count charged, among other things, that plaintiff in error willfully failed and neglected to examine the roof of the mine and to mark with chalk the month and day of the month of such examination. The instruction in question did not refer in any way to the requirements of the statute as set out in this count, that the examiner should mark on the walls of the room the month and day of the month he made the examination. The instruction, on that account, was rightly refused. What we have said of this instruction substantially answers the argument of counsel as to the refusal of the trial court to give instruction 24.

For the errors indicated the judgments of the circuit and Appellate Courts will be reversed and the cause remanded to the circuit court for further proceedings.

*Reversed and remanded.*

Mr. JUSTICE FARMER, dissenting.