FRANCES ALTIERI, ETC., ET AL., RESPONDENTS, v. PUBLIC SERVICE RAILWAY COMPANY, APPELLANT.

Submitted October 29, 1926—Decided January 31, 1927.

1. Where a witness, testifying at a trial, denied having made, previous to trial, a written statement, which contained matters contradictory, to some extent, of the testimony given by him, the statement was not admissible in evidence unless the person who wrote the statement, or someone else, having knowledge of the facts, testified that the statement contained a true account of what the witness had said.

2. A request to charge "that the court charge the rule as to proximate cause" is objectionable in form, for the reason that it called upon the court to state an abstract principle of law without any instructions to the jury as to its applicability to the case then being tried.

3. Where the remarks of counsel in addressing the jury are improper, the correct practice is to ask the trial court to admonish counsel against making such remarks or to request the trial court to charge the jury to disregard them; and an application to the court to direct a mistrial because thereof calls for the exercise of judicial discretion on the part of the court, and, for this reason, a refusal of said application is not reviewable on appeal.

On appeal from the Supreme Court.

For the appellant, *Joseph Coult.*

For the respondents, *John A. Matthews.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   This is an appeal from a judgment entered on a verdict in an action brought by the plaintiff Frances Altieri, and her father, Louis Altieri, to recover compensation for injuries received by Frances, a little girl, six years of age, in an accident which, it was claimed, was caused by the negligence of the defendant's motorman, and for the consequential loss sustained by the father by reason of the accident.   The little girl, while crossing Norfolk street, in the city of Newark, at its junction with Hartford street, was run over and injured by a car of the defendant company.   The jury found that the accident resulted solely from the negligence of the defendant's motorman, and awarded compensation to the child and the father.

The first ground upon which we are asked to reverse the judgment is that the trial court erred in excluding a written declaration of facts alleged to have been made previous to the trial by one Caironi, a witness called by the plaintiffs, and which was offered by the defendant to disprove certain testimony given by him on his direct examination.   The statement was signed but not written by him, and contained matters contradictory, to some extent, of the testimony there-

tofore given by him. Before the paper was offered his attention was called to these contradictory statements, and he denied having made any of them. No attempt was made to challenge the truthfulness of his denial. Neither the person who wrote out the alleged statement nor anyone else was called for that purpose. In this situation, we are of opinion that the exclusion of the paper was proper. If the defendant had desired to impeach the testimony of the witness while on the stand, it should have called the party who wrote the statement, or someone else having knowledge of the facts, to testify that it contained a true account of what the witness had then said. In the absence of such proof, the statement was not evidential for the purpose of impeaching the credit of the witness. *Daum* v. *North Jersey Street Railway Co.,* 69 *N. J. L.* 1, 5; *Belskis* v. *Dearing Coal Co.,* 92 *N. E. Rep.* 575; 246 *Ill.* 62; 40 *Cyc.* 2742, and cases cited.

Next, it is contended that the court committed error in not charging a request submitted by the defendant, which was in the following language: "That the court charge the rule as to proximate cause." This contention we consider without merit. The whole theory of the charge as delivered was that in determining the matter of liability the question for the jury to settle was whether or not the negligence of the motorman, if the jury found it to exist, was the sole cause of the accident. This instruction, by necessary inference, required the jury to determine whether or not the negligence of the motorman was the proximate cause of it. We deem it well to add that the request submitted was objectionable in form, for the reason that it called upon the court to state an abstract principle of law without any instruction to the jury as to its applicability to the case then being tried.

Next, it is contended that the court erred in permitting the attorney for the plaintiffs, over the objection of the attorney for the defendant, to make three separate opening addresses to the jury. The argument is that, although it is within the discretion of the court, under proper circumstances, to permit two opening addresses, to allow a third

one is an abuse of that discretionary power, and constitues reversible error.   Assuming that the granting of permission to make a third opening was without legal justification, defendant's counsel at its close had the option of replying to it or of giving force to his objection by refusing to do so. *New York and Long Branch Railroad Co.* v. *Garrity,* 63 *N. J. L.* 50; *Hackney* v. *Delaware, &c., Co.,* 69 *Id.* 335, 340. As the record shows, he chose the former course.   By doing this, he, in our opinion, rendered the alleged error of the trial court non-injurious; and, as section 27 of the Practice act of 1912 (*Pamph. L., p.* 377) provides that no judgment shall be reversed for error as to matter of pleading or procedure unless, after examination of the whole case, it shall appear that the error injuriously affected the substantial rights of a party, the ruling complained of will not justify a reversal of the judgment under review.

Finally, it is claimed that the court committed injurious error in refusing the defendant's motion to direct a mistrial upon the ground of improper remarks of counsel for the plaintiff in his address to the jury.   This ground for reversal is submitted practically without argument, probably for the reason that counsel for the defendant realized that it had no legal basis to support it.   It is entirely settled that, where the remarks of counsel in addressing the jury are improper, the correct practice is to ask the trial court to admonish counsel against making such remarks or to request the trial court to charge the jury to disregard them; and that an application to the court to direct a mistrial because thereof calls for the exercise of judicial discretion on the part of the court, and, for this reason, a refusal of such application is not reviewable on appeal. *State* v. *Terry,* 91 *N. J. L.* 539; *Smith* v. *Brunswick Laundry Co.,* 93 *Id.* 436.

The judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, VAN BUSKIRK, McGLENNON, JJ.   9.

*For reversal*—THE CHANCELLOR, LLOYD, KAYS, HETFIELD, JJ.   4.