### YETTA BITTERMAN AND ELIZER BITTERMAN, HER HUSBAND, PLAINTIFFS, v. FRANK MARINO, DEFENDANT.

Submitted January term, 1931—Decided January 28, 1932.

Before Justices CASE, DALY and DONGES.

For the rule, *Aaron L. Simon.*

*Contra, Charles W. Weeks.*

PER CURIAM.

Samuel Bitterman rented an automobile from the Montauk U-Drive, Incorporated, and invited the plaintiffs, Yetta Bitterman, his mother, and Elizer Bitterman, his father, to take a ride therein to visit a sister of Yetta Bitterman at Jamaica, Long Island. While on their way through Union City, Hudson county, the automobile, driven by Samuel Bitterman, in which plaintiffs were riding, collided with an automobile owned and driven by the defendant. Plaintiffs brought suit against the defendant for the damages sustained by them as a result of the collision.

Samuel Bitterman was called as a witness for the plaintiffs. Upon cross-examination, he was asked if he had made a statement, after the accident, to some one at the place of business of the Montauk U-Drive, Incorporated. The witness denied that he had, whereupon he was shown a written statement and requested to identify his signature thereto. He replied that he thought it was his signature but that he was not sure. The statement was not written by Samuel Bitterman, except as to the signature. Thereupon, the statement was marked for identification. Upon further cross-examination, the witness admitted that he had verbally given some of the information contained in the statement to some one at the Montauk U-Drive, Incorporated, but positively denied having made those assertions in the statement, which, if true, would indicate negligence upon his part in the operation of the automobile. (The statement also contained an assertion that the witness had been fined $10 for reckless driving.) The defendant did not call as a witness the person who had actually written the statement nor was anyone else called to prove that Bitterman had made the statements therein contained which he swore he had not made. Defendant offered the statement in evidence just prior to closing his case and it was admitted in evidence over the objection of plaintiffs' counsel.

The jury returned a verdict of no cause for action against the plaintiffs. Plaintiffs obtained this rule to show cause why a new trial should not be had and alleged as a reason

therefor, among others, that the trial court erred in admitting into evidence the foregoing statement over the objection of plaintiffs' counsel.

With this we agree. In the case of *Altieri* v. *Public Service Railway Co.*, 103 *N. J. L.* 351; 135 *Atl. Rep.* 786, the trial court excluded a written statement alleged to have been made by a witness and offered for the purpose of disproving testimony given by him. Chief Justice Gummere, speaking for the Court of Errors and Appeals, said: "The statement was signed but not written by him, and contained matters contradictory, to some extent, of the testimony theretofore given by him. Before the paper was offered his attention was called to these contradictory statements, and he denied having made any of them. No attempt was made to challenge the truthfulness of his denial. Neither the person who wrote out the alleged statement nor anyone else was called for that purpose. In this situation, we are of the opinion that the exclusion of the paper was proper. If the defendant had desired to impeach the testimony of the witness while on the stand, it should have called the party who wrote the statement, or someone else having knowledge of the facts, to testify that it contained a true account of what the witness had then said. In the absence of such proof, the statement was not evidential for the purpose of impeaching the credit of the witness."

The statement in the present case should have been excluded. Its consideration by the jury could not have failed to have had an effect prejudicial to plaintiffs' case and was such harmful error that there should be a reversal.

As a new trial must be granted for the reason given, the court makes no reference to the other grounds relied upon by the plaintiffs, which, as they may be varied on a new trial, cannot, with any effectiveness, be made the subject of present decision.

Let the rule be made absolute.