Hillieve Lantz, Appellant, v. Henry Dortman et al., Appellees.
Sylvan Rembold, Appellant, v. Henry Dortman et al., Appellees.

Gen. No. 43,157.

Opinion filed January 8, 1945.  Rehearing denied January 29, 1945.  Released for publication January 29, 1945.

FRED E. INBAU, of Chicago, for certain appellant.

STOFFELS & STOFFELS, of Chicago, for certain other appellant.

BARRETT, BARRETT, COSTELLO & BARRETT, of Chicago, for certain appellees.

OTTO M. HAMER, of Chicago, for certain other appellee; CHESTER D. KERN, of Chicago, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

November 12, 1942, plaintiffs each filed a suit against defendants, Dortman and Kummel to recover damages for personal injuries sustained as a result of a collision between an automobile driven south in Oak Park avenue by plaintiff, Rembold, in which plaintiff Lantz, was riding as a guest, and an automobile driven west in Belmont avenue by defendant, Dortman. Afterward the complaints were amended making the Paramount Theatre Building Corporation an additional defendant.  The suits were consolidated and tried as one; verdicts were returned in favor of all the defendants and plaintiffs appeal.

The record discloses that about 5:45 o'clock on Sunday afternoon, September 27, 1942, plaintiff, Rembold, about 34 years of age, was driving his automobile south in Oak Park avenue; Miss Lantz was with him; that they were going to his parent's home where he lived, for dinner.  As they were crossing Belmont avenue, the left rear fender of the automobile was struck by Dortman's westbound automobile, headon and plaintiffs were severely injured.  There were stop

signs at each of the four corners of the intersection. In each complaint, in separate counts, Dortman was charged with negligently driving his automobile and with wilfull and wanton misconduct in that he was intoxicated. The third count charged that defendant, Kummel, owned and operated a tavern located at 2638 Milwaukee avenue, Chicago, and sold intoxicating liquors to Dortman, as a result of which he became intoxicated, in violation of the Liquor Control or Dramshop Act.

April 29, 1943, plaintiffs amended their complaints making the Paramount Theatre Building Corporation an additional defendant, alleging that it owned the building in which the tavern was being operated by Kummel, and damages were claimed against it based on the Liquor Control or Dramshop Act. Defendants denied liability and on September 24, 1943, the court on motion of plaintiffs entered an order consolidating the two cases to be tried as one.

As is usual, the evidence was conflicting; the evidence on behalf of plaintiffs was to the effect that plaintiff, Rembold, stopped his automobile in Oak Park avenue at the north side of Belmont avenue, in obedience to the stop sign, then proceeded across the intersection, and that defendant, Dortman, drove his car west in Belmont avenue at a speed, as one witness testified, of about 45 or 50 miles per hour without stopping, before entering the intersection, contrary to the signs. As above stated, the cars collided and plaintiffs were thrown out of the car and severely injured. On the other side, defendant, Dortman's testimony was that he was not driving at an excessive rate of speed; that he stopped at the east side of Oak Park avenue and then proceeded.

A few minutes after the collision police officers of the Accident Prevention detail, and other persons came to the scene of the accident. One of the police officers testified that Dortman was intoxicated and the

other testified in effect that Dortman gave evidence that he had been drinking too much. A number of witnesses testified, including Dortman, that after the accident and while the two plaintiffs were being taken care of in the street, Dortman got a sandwich from his automobile and was eating it; he testified that he was on his way home, having worked that day for the Belmont Coal Company where he was employed; that he worked from 7 o'clock in the morning until about 5 in the afternoon and did not have any lunch until just after the accident. That "I worked straight on through;" that he was a truck driver and drove the truck all that day until he quit about 5 o'clock. He gave this testimony when called by plaintiffs as an adverse witness. He further testified that after he quit work he stopped at a tavern on Milwaukee avenue near Kimball avenue, where he followed Stanley Wysocke, another employee of the Belmont Coal Company, into the tavern, and each had two bottles of beer. That he then started home and the collision occurred. He was called as an adverse witness by the plaintiffs and later as plaintiffs' witness when he said he could not recall the street number of the tavern. He was afterward called by defendant, Paramount Building Corporation as an adverse witness.

Wysocke, called by the defendant, Building Corporation, testified about his working that day for the Belmont Coal Company and afterwards driving to the tavern, which he said he believed was at 2898 Milwaukee avenue; that Dortman was with him in the tavern, both having parked their cars nearby. That each drank two bottles of beer; that they were in the tavern which was called the "Windy City Tavern" about half an hour; that he and Dortman left at the same time and he saw Dortman drive away in his car.

On cross-examination he testified "We ordered our beers as soon as we could get waited on. It was pretty crowded in there." That "Dortman didn't have any more drinks while he was with me."

The evidence is further to the effect that plaintiffs were taken to a nearby hospital, as was Dortman. Dortman was later taken to the police station where he made a statement to one of the officers, which was apparently filed as part of the police records, and at that time, which was about 7:10 o'clock, other police officers at the station made certain tests to ascertain whether Dortman was intoxicated and these officers testified that he was not intoxicated at that time.

A witness who was employed in the Illinois Liquor Control Commission, and another witness who was the principal clerk in the office of the City Collector, both testified that on September 27, 1942, the day of the accident, there was in effect, a license issued to defendant, Kummel, to conduct a tavern at 2638 Milwaukee avenue and it was stipulated that the records of the City Clerk's office would also show that there were three tavern licenses in effect on the day in question, issued for taverns on the south side of Milwaukee avenue, between Kedzie and Kimball avenue. And it was further stipulated that on September 27, 1942, Kummel operated a tavern at 2638 Milwaukee avenue.

Defendant, Kummel, called by plaintiffs as an adverse witness, testified that on the day of the accident he conducted a liquor store and tavern at 2638 and 2638½ Milwaukee avenue, both in the same building which was located at about the middle of the block between Kedzie and Sawyer; that "To my knowledge there were no liquor stores [at the time] on the south side of the street," [Milwaukee avenue] between Kimball and Kedzie avenue but there was a tavern across the street from the tavern of the witness, on the north side of Milwaukee avenue. Afterward Kummel was called by defendants and testified: "I never saw Mr. Dortman before in my life. He was not in my place that afternoon. The first time I saw him was when I came into this court room last Thursday." On cross-examination he testified: "I don't say that I remember everyone I served in September, 1942. At this

particular hour on Sunday afternoon we are very quiet. The better hour starts about 8:00 o'clock in the evening.''

The evidence as to whether the beer was purchased in Kummel's tavern leaves this question somewhat uncertain. There are six street corners near where the tavern was located. Three interrogatories were submitted to the jury, one by the plaintiffs and two by defendants. By the first the jury were asked if they found Dortman was guilty of wilfull and wanton misconduct and whether malice was the gist of the action; the second—was Dortman intoxicated? And the third —did Kummel sell or give intoxicating liquor to Dortman? Each was answered in the negative.

Counsel for plaintiffs contend that the court erred in denying them the right to examine Dortman as an adverse witness respecting the allegations of the complaint as to his intoxication, and from whom the liquor which he consumed was purchased. The objection to this line of inquiry was made by counsel for defendants, Kummel and the Building Corporation, on the ground that Dortman was not a party defendant to the counts of the complaint charging Kummel with selling him the liquor—that these counts against Kummel and the Building Corporation were based on violation of the Dramshop Act. But counsel for plaintiffs say that what they sought to elicit from Dortman, as an adverse witness, tended to prove the case against him and therefore the ruling of the court sustaining defendants' objection was erroneous and that the testimony of this witness might have been limited to the question of Dortman's liability.

The two cases were consolidated on motion of counsel for plaintiffs. It was difficult to keep the two issues separate, the one for personal injuries and the other for violation of the Dramshop Act. The record discloses that the matter was very much confused on the hearing. And we think it clear the jury were con-

fused. We think the court did not err in sustaining the objection to this line of inquiry.

Complaint is also made that the court erred in refusing to admit in evidence a written statement dated October 28, 1942, signed by defendant, Dortman. When Dortman was being interrogated as an adverse witness by counsel for plaintiffs as to the location of the tavern, he testified that he did not know the exact street number of the tavern but it was located at about the middle of the block on the south side of Milwaukee avenue, east of Kimball avenue; that if he was over at the vicinity he could locate the place. He was then shown the document, which the court later refused to admit in evidence, which is in the handwriting of counsel for plaintiff, Lantz, at the bottom of which is written the name, "Henry Dortman." He admitted that this was his signature but that when he signed it the page was blank. This latter statement was made in chambers, out of the presence of the jury. That he signed the document in front of the tavern on Milwaukee avenue and that counsel for each of the plaintiffs was present; that these counsel drove with the witness in a cab to the tavern, and the document was signed in front of the tavern using a brief case to rest it on.

In chambers it further appeared that the two counsel who were present at the time the document was signed, stated that one would testify in one of the cases and the other in the other to the effect that the document was then in the same condition as when it was signed by Dortman but upon discussion between court and counsel it was thought that it might be improper for counsel who were trying the case to testify, so they did not do so. In the document it is stated in substance that in addition to drinking the two bottles of beer at the tavern, 2638 Milwaukee avenue, each of the two men had "two shots of whiskey apiece." We think it clear that the document was not admissible in evidence. The only witness who testified was Dortman, whose

testimony as above stated, was that he signed a blank sheet of paper. Before it would be admissible there must be some evidence tending to show that Dortman signed it as it appeared when offered. Obviously it was not admissible as to defendants Kummel and the Theatre Building Co.

Complaint is also made that the court erred in giving certain instructions on behalf of defendants and in refusing instructions tendered by plaintiffs. The court gave four instructions requested by plaintiffs and refused two, and gave 25 instructions on behalf of defendants. Without considering the 25 in detail, we think it obvious that too many were given. Most of the instructions complained of were on the question of negligence or what is designated, "wilfull and wanton conduct." In attempting to enlighten the jury on these questions, one of the instructions said there was a fundamental difference between negligence and wilfull and wanton conduct, that "A charge of wantonness implies an act intentionally done in disregard of another's rights." We think it obvious that this instruction was wrong and ought not to have been given because there is no contention that Dortman intended to injure plaintiffs. The only contention on the trial was that Dortman negligently drove his automobile and that he did so in utter disregard of the rights of plaintiffs, in which case if the verdict was against him he would be guilty only of ordinary negligence or gross negligence. *Walldren Express Co. v. Krug,* 291 Ill. 472; see also *Price v. Bailey,* 265 Ill. App. 358–367, where we discuss the *Krug* case. As we said in *Schoenbacker v. Kadetsky,* 290 Ill. App. 28, where a similar question was involved: "We think the evidence was wholly insufficient to show an intent or purpose by defendant to injure plaintiff, but an intent is not necessary under the law. We may surmise a case of an automobile collision at a street intersection where the defendant intended to injure the plaintiff,

but those cases do not happen in actual practice. We have never had any such case in this court. The term 'wilful' as used in such cases implies intent or purpose, while the term 'wanton' expresses a reckless disregard of consequences. *Trucking Co. v. Fairchild,* 128 Ohio St. 519.''

We refrain from discussing the authorities on the attempted distinction between negligence and wilfullness or wantonness for we are of opinion that the language used in many of the opinions of this court, and probably other courts, would only ''plunge this branch of the law into a Serbonian Bog.'' *Landress v. Phoenix Mut. Life Ins. Co.,* 291 U. S. 491, 499.

Since we have reached the conclusion that the evidence at most, was almost negligible as to the defendants, Kummel and Paramount Theatre Building Corp., Inc., and the verdict in their favor upon which judgments were entered must stand and since we are of opinion that the verdict in favor of defendant, Dortman, is against the manifest weight of the evidence and the cause as to him must be reversed, we refrain from discussing in detail the several instructions for we are of opinion that with Kummel and the Paramount Corp. out of the cases there will be no difficulty in instructing the jury when a retrial is had as against Dortman.

The judgments of the Circuit court of Cook county in favor of defendants Kummel and Paramount Theatre Building Corp., Inc., are affirmed, and the judgments in favor of defendant Henry Dortman are reversed and the cause remanded for a new trial.

*Judgments affirmed as to certain defendants and reversed as to defendant Dortman.*

NIEMEYER, P. J., and MATCHETT, J., concur.